Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85018
Telephone: (480) 382-5176
Facsimile: (602) 965-1409
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Collins,<br><br>                    Plaintiff,<br><br>vs.<br><br>Chalak-MMT PV L.L.C. d/b/a Genghis Grill and Troy Horning,<br><br>                    Defendants. | No. _____<br><br>**COMPLAINT** |

COMES NOW Plaintiff, Christian Collins ("Plaintiff"), individually, by and through the undersigned attorney and sues the Defendants, Chalak-MMT PV L.L.C. d/b/a Genghis Grill ("Defendant Genghis") and Troy Horning (collectively, "Defendants"), and he alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728,

739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks. See 29 U.S.C. § 206(a). The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m).

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. This civil action arises under the Constitution and law of the United States.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

5.     At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendant.

6.     At all material times, Defendant Genghis was a limited liability company duly licensed to transact business in the State of Arizona. Defendant Genghis does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

7. At all relevant times, Plaintiff was an employee of Defendant Genghis. At all relevant times, Defendant Genghis, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant Genghis. In any event, at all relevant times, Defendant Genghis was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

8. At all relevant times, Defendant Troy Horning owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Chalak-MMT PV, L.L.C. At all relevant times, Defendant Troy Horning had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Chalak-MMT PV, L.L.C. In any event, at all relevant times, Defendant Troy Horning was an employer subject to the FLSA and employed Plaintiff.

9. Upon information and belief, Defendants Chalak-MMT PV, L.L.C. and Troy Horning were and continue to be residents of Maricopa County, Arizona.

10. Jane Doe Horning is the fictitious name for Defendant Troy Horning's spouse. When Jane Doe Horning's true name has been ascertained, this Complaint shall be amended accordingly. Troy Horning and Jane Doe Horning have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

11.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

12.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

13.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

14.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

15.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## **NATURE OF THE CLAIM**

16.     Defendants own and/or operate as Chalak-MMT PV L.L.C. d/b/a Genghis Grill, an enterprise located in Maricopa County, Arizona.

17.     Plaintiff was hired by Defendants as a tipped employee, as defined by the FLSA at 29 U.S.C. § 203(m), and Plaintiff worked for Defendants between approximately March 1, 2012 and December 31, 2014, when Plaintiff left his employment with Defendants.

18.     Rather than pay their tipped employees the applicable state minimum wage, for the time Plaintiff was paid an hourly wage, Defendants imposed a tip credit upon Plaintiff at below the applicable minimum wage.

19.     As a result of Defendants' imposition of a tip credit, Plaintiff was forced to perform minimum wage work at an hourly rate that was less than minimum wage.

20.     Defendants required Plaintiff to participate in an tip-pooling arrangement wherein Plaintiff was required to contribute to a tip pool that included employees who do not customarily and regularly receive tips, despite the scope of the definition of "tipped employee" contained within 29 U.S.C. § 203(m), and in willful violation of the FLSA, 29 U.S.C. § 206(a).

21.     As a result of Defendants' violation of 29 U.S.C. § 206(a), Defendants are disallowed entirely from taking a tip credit from its tipped employees' hourly wages.

22.     Therefore, Defendants regularly and consistently paid Plaintiff less than the overall minimum wage for the work Plaintiff performed during each of his regular workweeks for the entire duration of his employment, such that Plaintiff's pay, when averaged across his total time worked, was less than the minimum wage.

23.     Plaintiff is therefore entitled to the difference between the full minimum hourly wage rate and the wage rate paid for all hours Plaintiff worked and, additionally, the amount of all tips contributed to the illegal tip pool.

24.     Defendants also regularly and consistently required Plaintiff to clock out yet continue to perform non-tip-earning duties and/or remain on premises in order to avoid incurring excessive and/or overtime labor costs, in willful violation of the FLSA.

25.     As a result, Defendants failed to compensate Plaintiff minimum wage for all hours worked, in violation of 29 U.S.C. § 206(a).

26.     From approximately June 1, 2013 through December 31, 2013, Plaintiff was regularly and consistently required to perform work approximately two hours or more per shift while off the clock in a given work week.

-5-

27.     For example, during the week of November 4, 2013, Plaintiff was required to perform approximately two hours of work per shift while off the clock.

28.     Defendants engaged in the regular practice of willfully failing to pay Plaintiff the applicable minimum wage or higher for all time that Defendants suffered or permitted Plaintiff to work for all hours worked while off the clock.

29.     Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff to work. As such, Plaintiff's time records, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff to work.

30.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff the applicable minimum wage for all time the Defendants suffered or permitted Plaintiff to work, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

31.     Defendants engaged in the regular practice of requiring Plaintiff to perform a substantial amount of non-tipped labor related to his tipped occupation in excess of 20% of her regular workweek and non-tipped labor unrelated to his tipped occupation over the course of his regular workweeks.

32.     Examples of non-tipped labor related to Plaintiff's tipped occupation that exceeded 20% of Plaintiff's regular workweek, include, but are not limited to: preparatory and workplace maintenance tasks such as brewing tea, brewing coffee, rolling silverware, cleaning soft drink dispensers, wiping down tables, setting tables, busing tables, cutting and

stocking fruit, stocking ice, taking out trash, scrubbing walls, sweeping floors, restocking to-go supplies, cleaning booths, cleaning ramekins, sweeping, mopping, restocking all stations, washing dishes, and breaking down and cleaning the expo line.

33.    Examples of non-tipped labor unrelated to Plaintiff's tipped occupation that Plaintiff performed during her regular workweeks, include, but are not limited to: preparatory and workplace maintenance tasks such as taking out trash, scrubbing walls, sweeping floors, cleaning booths, sweeping, mopping, washing dishes, breaking down and cleaning the expo line, and restocking restrooms.

34.    As a result of Defendants' willful requirement that Plaintiff perform a substantial amount of non-tipped labor related to his tipped occupation in excess of 20% of his regular workweeks and non-tipped labor unrelated to his tipped occupation over the course of his regular workweeks, Defendants paid Plaintiff less than the overall minimum wage for such work that Plaintiff performed for Defendants, such that the average of Plaintiff's hourly wages was less than the applicable minimum wage.

35.    In both policy and practice, Defendants regularly and consistently required Plaintiff to perform the above-listed non-tipped labor related to his tipped occupation in excess of twenty percent (20%) of Plaintiff's regular workweek before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers; while Plaintiff had few to no customers to serve; before serving his first customer; and after being "cut" from serving customers.

36.    In both policy and practice, Defendants regularly and consistently required Plaintiff to perform the above-listed non-tipped labor unrelated to his tipped occupation

during the course of Plaintiff's regular workweek before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers; while Plaintiff had few to no customers to serve; before serving his first customer; and after being "cut" from serving customers.

37.     As a result of Defendants' requirement that Plaintiff perform such non-tipped labor related to his tipped occupation, and in excess of twenty percent (20%) of his regular workweek, while earning the reduced tip credit rate, Plaintiff was engaged in a non-tipped occupation, as defined by the "dual jobs" regulation 29 C.F.R. §§ 531.56(e) and (a) and the Department of Labor Field Operations Handbook §30d00(e), for such work performed during that time. Such work performed by Plaintiff included, but was not limited to, spending more than part of his time cleaning and setting tables and making coffee, and more than occasionally washing dishes or glasses. As a result, Defendants were prohibited from taking the tip credit for the hours Plaintiff spent working in a non-tipped occupation. Plaintiff is, therefore, entitled, under 29 C.F.R. § 531.56(a) and 29 U.S.C. § 216(b), to the overall minimum wage for all time spent performing such non-tipped, dual occupation labor. As such, Defendants paid Plaintiff less than the overall minimum wage for the work Plaintiff performed during his regular workweek, in willful violation of the FLSA, 29 U.S.C. § 206(a).

38.     As a result of Defendants' requirement that Plaintiff perform such non-tipped labor unrelated to his tipped occupation, while earning the reduced tip credit rate, Plaintiff was engaged in a non-tipped occupation, as defined by the "dual jobs" regulation 29 C.F.R. §§ 531.56(e) and (a) and the Department of Labor Field Operations Handbook §30d00(e), for such work performed during that time. Such work performed by Plaintiff included, but

was not limited to, spending more than part of his time cleaning and setting tables and making coffee, and more than occasionally washing dishes or glasses. As a result, Defendants were prohibited from taking the tip credit for the hours Plaintiff spent working in his non-tipped occupation. Plaintiff is, therefore, entitled, under 29 C.F.R. § 531.56(a), to the overall minimum wage for all time spent performing such non-tipped, dual occupation labor. As such, Defendants paid Plaintiff less than the overall minimum wage for the work Plaintiff performed during his regular workweek, in willful violation of the FLSA, 29 U.S.C. § 206(a).

39.    As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

40.    Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

41.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff the full applicable minimum wage for time spent performing non-tipped labor related to his tipped occupation in excess of 20% of her regular workweeks, and non-tipped labor unrelated to his tipped occupation over the course of his regular workweeks.

42.    In a given workweek, and during each and every workweek for which Plaintiff worked for Defendants as a tipped employee, Defendants required Plaintiff to perform a substantial amount of non-tipped labor related to his tipped occupation in excess of 20% of

his regular workweek and non-tipped labor unrelated to his tipped occupation over the course of his regular workweek. Defendants paid Plaintiff less than the overall minimum wage for such work that Plaintiff performed for Defendants, such that the average of Plaintiff's hourly wages was less than the applicable minimum wage, in willful violation of 29 U.S.C. § 206(a). Defendants required Plaintiff to perform non-tipped labor related to his tipped occupation in excess of 20% of his regular workweeks and non-tipped labor unrelated to his tipped occupation each and every workweek during which he worked for Defendants.

43.    For example, during workweek of November 4, 2013, Defendants required Plaintiff to perform, and Plaintiff did perform, non-tipped labor related to his tipped occupation in excess of 20 percent of his regular workweek, despite being compensated less than the full applicable minimum wage for such time. Such conduct by Defendants violated 29 U.S.C. § 206(a).

44.    For example, during workweek of November 4, 2013, Defendants required Plaintiff to perform, and Plaintiff did perform, non-tipped labor unrelated to his tipped occupation during his regular workweek, despite being compensated less than the full applicable minimum wage for such time. Such conduct by Defendants violated 29 U.S.C. § 206(a).

45.    Plaintiff believes and therefore avers that Defendants owe him similar wages for each and every workweek during which he worked for Defendants for the entire duration of his employment. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

-10-

46.     Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff to work. As such, Defendants' records of Plaintiff's time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff to work.

47.     Defendants, individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

48.     Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

49.     Plaintiff was a non-exempt employee.

50.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff wages owed for all times Plaintiff worked while off the clock.

51.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

52.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT: ILLEGAL TIP POOLING ARRANGEMENT

53.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54.     Defendants required Plaintiff to participate in a tip-pooling arrangement wherein Plaintiff was required to contribute to a tip pool that included employees who do

not customarily and regularly receive tips, despite the scope of the definition of "tipped employee" contained within 29 U.S.C. § 203(m), and in willful violation of the FLSA, 29 U.S.C. § 206(a).

55.     As a result of Defendants' requirement that Plaintiff participate in an illegal tip pooling arrangement, Defendants are disallowed entirely from taking a tip credit from its tipped employees' hourly wages.

56.     Plaintiff is therefore entitled to the difference between the full minimum hourly wage rate and the wage rate paid for all hours Plaintiff worked and, additionally, the amount of all tips Plaintiff contributed to the illegal tip pool.

57.     Each and every workweek Plaintiff worked for Defendants, Plaintiff was required to distribute a portion of his earned tips to back of the house non-tipped employees, in violation of 29 U.S.C. § 203(m).

58.     Defendants have and continue to willfully violate the FLSA by not paying proper wages to Plaintiff.

59.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for the difference between the full minimum hourly wage and the tip credit minimum wage for all hours worked for Defendants, the amount of all tips contributed to the illegal tip pool, an additional equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, Christian Collins, individually, requests that this Court enter Judgment against Defendants, Chalak-MMT PV L.L.C. d/b/a Genghis Grill and Troy Horning, for compensation for the difference between the full minimum hourly wage and

the tip credit minimum wage for all hours worked for Defendants, the amount of all tips contributed to the illegal tip pool, an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney's fees, costs, and disbursements of this action, and any additional relief that this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT: UNPAID WAGES

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendants regularly and consistently required Plaintiff clock out yet continue to perform non-tip-earning duties and/or remain on the restaurant premises in order to avoid incurring excessive and/or overtime labor costs.

62. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff worked for Defendant, for the duration of his employment, in violation of 29 U.S.C. § 206(a).

63. As a result of Defendants' willful failure to compensate Plaintiff the applicable minimum wage for all hours worked, Defendants violated the FLSA.

64. As such, full minimum wage is owed for all time spent performing labor off the clock.

65. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff the full minimum wage for time spent performing non-tipped labor and/or requiring Plaintiff to remain on restaurant premises would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

66.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to or greater than minimum wage for time Defendants required Plaintiff to perform non-tipped labor and/or remain on premises while off the clock.

67.     Plaintiff is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Christian Collins, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Chalak-MMT PV L.L.C. d/b/a Genghis Grill and Troy Horning for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: FAIR LABOR STANDARDS ACT
## NON-TIPPED LABOR RELATED TO TIPPED WORK IN EXCESS OF 20%

68.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69.     Defendants intentionally failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiff in a given workweek, and during each and every workweek Plaintiff was employed by Defendants, to perform non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of her regular 40-hour workweek, while paying Plaintiff at the tip credit rate.

70.     Defendants intentionally failed and/or refused to pay Plaintiff the full applicable minimum wage according to the provisions of the FLSA for time she spent performing non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of a given workweek, for each and every workweek that Plaintiff was employed by Defendants, in violation of 29 U.S.C. § 206(a).

71.     As such, full applicable minimum wage for such time Plaintiff performed non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of her regular workweek is owed to Plaintiff for each and every workweek she was employed by Defendants.

72.     Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

73.     Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Christian Collins, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendant Chalak-MMT PV L.L.C. d/b/a Genghis Grill and Troy Horning for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest,

-15-

reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: FAIR LABOR STANDARDS ACT
## NON-TIPPED LABOR UNRELATED TO TIPPED WORK

74.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75.     Defendants intentionally failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) by requiring Plaintiff in a given workweek, and during each and every workweek Plaintiff was employed by Defendants, to perform non-tipped labor unrelated to her tipped occupation over the course of her regular 40-hour workweek, while paying Plaintiff at the tip credit rate.

76.     Defendants intentionally failed and/or refused to pay Plaintiff the full applicable minimum wage according to the provisions of the FLSA for time she spent performing non-tipped labor unrelated to her tipped occupation over the course of a given workweek, for each and every workweek that Plaintiff was employed by Defendants, in violation of 29 U.S.C. § 206(a).

77.     As such, full applicable minimum wage for such time Plaintiff performed non-tipped labor unrelated to her tipped occupation over the course of her regular workweek is owed to Plaintiff for each and every workweek she was employed by Defendants.

78.     Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such a non-tipped occupation, would violate federal and

state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

79.     Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Christian Collins, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendant Chalak-MMT PV L.L.C. d/b/a Genghis Grill and Troy Horning for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


RESPECTFULLY SUBMITTED this 27th Day of October 2015.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Attorney for Plaintiff