# THE BENDAU LAW FIRM, PLLC

CLIFFORD P. BENDAU, II, ATTORNEY
*Licensed in Arizona and Ohio*
P.O. Box 97066
Phoenix, AZ 85060
[AZ] (480) 382-5176
[OH] (216) 395-4226
[FAX] (602) 956-1409
cliffordbendau@bendaulaw.com
www.bendaulaw.com

# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "**Agreement**") is entered into as of April $\underline{13}$, 2016 (the "**Effective Date**"), by and between Chalak-MMT PV, LLC ("**MMT PV**" and Troy Horning ("**Horning**" and together with MMT PV, "**Chalak**"), and Christian Collins ("**Collins**"). Together, Chalak and Collins shall be referred to as the "**Parties**".

WHEREAS, in October 2015, Collins filed the Complaint against Chalak in the United Stated District Court of the District of Arizona (the "**Lawsuit**"); and

WHEREAS, Collins and Chalak desire to finally and fully settle all disputes between the Parties relating to the Lawsuit.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending legally to be bound, agree as follows:

1. Payment by Chalak. Chalak will pay Collins the total sum of sixteen thousand nine hundred six dollars and seventy four cents (US $16,906.74) (the "**Settlement Payment**") as provided herein. The Settlement Payment shall be paid as follows: (a) $6,906.74 of which shall be paid by check or wire transfer within ten (10) business days of the Effective Date, and (b) $10,000 of which shall be paid in five equal monthly installments beginning on June 1, 2016 (such period of time is referred to herein as the "**Settlement Payment Period**"). MMT PV and Horning are jointly and severally liable to pay the Settlement Payment as set forth herein.

The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred and that neither Party nor its attorney(s) will seek any award of attorneys' fees or costs from the other Party, except as provided herein.

2. Taxes. Collins shall be solely responsible for, and is legally bound to make payment of, any taxes determined to be due and owing (including penalties and interest related thereto) by it to any federal, state, local, or regional taxing authority as a result of the Settlement Payment. Collins understands that Chalak has not made, and it does not rely upon, any representations regarding the tax treatment of the sums paid pursuant to this Agreement. Moreover, Collins agrees to indemnify and hold Chalak harmless in the event that any governmental taxing authority asserts against Chalak any claim for unpaid taxes, failure to withhold taxes, penalties, or interest based upon the payment of the Settlement Payment.

3. Mutual Release. The Parties, on behalf of themselves, their predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates and assigns, and its and their past, present, and future officers, directors, equityholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns, and successors in interest, and all persons acting by, through, under, or in concert with them, and each of them, hereby release and discharge the other Party, together with their predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates and assigns and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns and successors in interest, and all persons acting by, through, under or in concert with them, and each of them, from all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, costs, pain and suffering, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually

incurred), and punitive damages, of any nature whatsoever, known or unknown, which either Party has, or may have had, against the other Party, whether or not apparent or yet to be discovered, or which may hereafter develop, in any way relating to the Lawsuit or Collins' employment with Chalak.

This Agreement resolves any claim for relief that could have been alleged, no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, damages for humiliation and embarrassment, punitive damages, costs and attorneys' fees related.

4. Withdrawal of Lawsuit. Collins and his counsel shall take whatever actions are necessary to ensure that the Lawsuit and any claims relating thereto are withdrawn in their entirety as soon as possible following the Effective Date.

5. Remedies upon Default.  Should Chalak fail to make said payment by any due date as set forth herein, Collins shall provide written notice by sending written notice of default to Chalak, 18900 Dallas Parkway, Suite 125, Dallas, Texas, 75287, Attn: General Counsel, with copies to Christina.Marshall@chalakmitragroup.com and al@chalakmitragroup.com.  If the default is not cured within five (5) business days of such written notice, the entire amount due and owing, less any payments made to date, shall become immediately due, and Collins shall immediately be permitted to file for a confession of judgment in the amount of the Settlement Payment less any amounts already paid pursuant to this Agreement.  In addition, Collins shall be entitled to and shall be paid by Chalak all attorney's fees and costs that arise out of any and all of Collins' efforts to provide notice of default under this Agreement and any collection efforts thereafter.

6. Confidentiality of Agreement.  Collins agrees that, during the Settlement Payment Period, he will not divulge, communicate, or otherwise disclose, directly or indirectly, to any person or entity, either: (a) the existence or terms of this Agreement; or (b) the Agreement's negotiation, execution, or implementation.  The Parties agree that nothing in this paragraph prohibits Collins from disclosing the terms of this Agreement to Collins' attorneys, accountants, spouse, or any government entity or agency as may be required by law.

7. Entire Agreement; Amendment. The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

8. Counterparts. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

******

**IN WITNESS WHEREOF**, and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the Effective Date.


**CHALAK-MMT PV, LLC**


By: _____
Name:
Title:


By: _____
Name:   **TROY HORNING**


By: _____
Name:   **CHRISTIAN COLLINS**

# Signature Certificate



 Document Reference:   PNDCTHJUP4NV2PG3B4IHYF



Christian collins
Party ID: NL3S5CIXU3B9KYWR9HKD8F
IP Address: 172.58.16.150

**VERIFIED EMAIL:**  christian88collins@gmail.com

Electronic Signature:



| Multi-Factor **Digital Fingerprint Checksum** | **af23749fbd104fff06bedc0625ef67bf2b51d7b7** |

| **Timestamp** | **Audit** |
|---|---|
| 2016-04-13 14:31:08 -0700 | All parties have signed document. Signed copies sent to: Cliff Bendau and Christian collins. |
| 2016-04-13 14:31:08 -0700 | Document signed by Christian collins (christian88collins@gmail.com) with drawn signature. - 172.58.16.150 |
| 2016-04-13 14:31:07 -0700 | Christian collins verified email address 'christian88collins@gmail.com'. - 172.58.16.150 |
| 2016-04-13 14:30:27 -0700 | Generated Document from Online Form SettlementAgreement FINAL Collins (SettlementAgreeme-993696). - 172.58.16.150 |
| 2016-04-13 14:19:26 -0700 | Online Form viewed by Christian collins (christian88collins@gmail.com). - 172.58.16.150 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**



## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "**Agreement**") is entered into as of April __, 2016 (the "**Effective Date**"), by and between Chalak-MMT PV, LLC ("**MMT PV**" and Troy Horning ("**Horning**" and together with MMT PV, "**Chalak**"), and Christian Collins ("**Collins**"). Together, Chalak and Collins shall be referred to as the "**Parties**".

WHEREAS, in October 2015, Collins filed the Complaint against Chalak in the United Stated District Court of the District of Arizona (the "**Lawsuit**"); and

WHEREAS, Collins and Chalak desire to finally and fully settle all disputes between the Parties relating to the Lawsuit.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending legally to be bound, agree as follows:

1. Payment by Chalak. Chalak will pay Collins the total sum of sixteen thousand nine hundred six dollars and seventy four cents (US $16,906.74) (the "**Settlement Payment**") as provided herein. The Settlement Payment shall be paid as follows: (a) $6,906.74 of which shall be paid by check or wire transfer within ten (10) business days of the Effective Date, and (b) $10,000 of which shall be paid in five equal monthly installments beginning on June 1, 2016 (such period of time is referred to herein as the "**Settlement Payment Period**"). MMT PV and Horning are jointly and severally liable to pay the Settlement Payment as set forth herein.

The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred and that neither Party nor its attorney(s) will seek any award of attorneys' fees or costs from the other Party, except as provided herein.

2. Taxes. Collins shall be solely responsible for, and is legally bound to make payment of, any taxes determined to be due and owing (including penalties and interest related thereto) by it to any federal, state, local, or regional taxing authority as a result of the Settlement Payment. Collins understands that Chalak has not made, and it does not rely upon, any representations regarding the tax treatment of the sums paid pursuant to this Agreement. Moreover, Collins agrees to indemnify and hold Chalak harmless in the event that any governmental taxing authority asserts against Chalak any claim for unpaid taxes, failure to withhold taxes, penalties, or interest based upon the payment of the Settlement Payment.

3. Mutual Release. The Parties, on behalf of themselves, their predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates and assigns, and its and their past, present, and future officers, directors, equityholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns, and successors in interest, and all persons acting by, through, under, or in concert with them, and each of them, hereby release and discharge the other Party, together with their predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates and assigns and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns and successors in interest, and all persons acting by, through, under or in concert with them, and each of them, from all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, costs, pain and suffering, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually



incurred), and punitive damages, of any nature whatsoever, known or unknown, which either Party has, or may have had, against the other Party, whether or not apparent or yet to be discovered, or which may hereafter develop, in any way relating to the Lawsuit or Collins' employment with Chalak.

This Agreement resolves any claim for relief that could have been alleged, no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, damages for humiliation and embarrassment, punitive damages, costs and attorneys' fees related.

4. <u>Withdrawal of Lawsuit</u>. Collins and his counsel shall take whatever actions are necessary to ensure that the Lawsuit and any claims relating thereto are withdrawn in their entirety as soon as possible following the Effective Date.

5. <u>Remedies upon Default</u>. Should Chalak fail to make said payment by any due date as set forth herein, Collins shall provide written notice by sending written notice of default to Chalak, 18900 Dallas Parkway, Suite 125, Dallas, Texas, 75287, Attn: General Counsel, with copies to Christina.Marshall@chalakmitragroup.com and al@chalakmitragroup.com. If the default is not cured within five (5) business days of such written notice, the entire amount due and owing, less any payments made to date, shall become immediately due, and Collins shall immediately be permitted to file for a confession of judgment in the amount of the Settlement Payment less any amounts already paid pursuant to this Agreement. In addition, Collins shall be entitled to and shall be paid by Chalak all attorney's fees and costs that arise out of any and all of Collins' efforts to provide notice of default under this Agreement and any collection efforts thereafter.

6. <u>Confidentiality of Agreement</u>. Collins agrees that, during the Settlement Payment Period, he will not divulge, communicate, or otherwise disclose, directly or indirectly, to any person or entity, either: (a) the existence or terms of this Agreement; or (b) the Agreement's negotiation, execution, or implementation. The Parties agree that nothing in this paragraph prohibits Collins from disclosing the terms of this Agreement to Collins' attorneys, accountants, spouse, or any government entity or agency as may be required by law.

7. <u>Entire Agreement; Amendment</u>. The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

8. <u>Counterparts</u>. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

******

IN WITNESS WHEREOF, and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the Effective Date.


**CHALAK-MMT PV, LLC**


By: _____

Name:

Title:

By: _____

Name:   **TROY HORNING**


By: _____

Name:   **CHRISTIAN COLLINS**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "**Agreement**") is entered into as of April __, 2016 (the "**Effective Date**"), by and between Chalak-MMT PV, LLC ("**MMT PV**" and Troy Horning ("**Horning**" and together with MMT PV, "**Chalak**"), and Christian Collins ("**Collins**"). Together, Chalak and Collins shall be referred to as the "**Parties**".

**WHEREAS**, in October 2015, Collins filed the Complaint against Chalak in the United Stated District Court of the District of Arizona (the "**Lawsuit**"); and

**WHEREAS**, Collins and Chalak desire to finally and fully settle all disputes between the Parties relating to the Lawsuit.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending legally to be bound, agree as follows:

1. Payment by Chalak. Chalak will pay Collins the total sum of sixteen thousand nine hundred six dollars and seventy four cents (US $16,906.74) (the "**Settlement Payment**") as provided herein. The Settlement Payment shall be paid as follows: (a) $6,906.74 of which shall be paid by check or wire transfer within ten (10) business days of the Effective Date, and (b) $10,000 of which shall be paid in five equal monthly installments beginning on June 1, 2016 (such period of time is referred to herein as the "**Settlement Payment Period**"). MMT PV and Horning are jointly and severally liable to pay the Settlement Payment as set forth herein.

The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred and that neither Party nor its attorney(s) will seek any award of attorneys' fees or costs from the other Party, except as provided herein.

2. Taxes. Collins shall be solely responsible for, and is legally bound to make payment of, any taxes determined to be due and owing (including penalties and interest related thereto) by it to any federal, state, local, or regional taxing authority as a result of the Settlement Payment. Collins understands that Chalak has not made, and it does not rely upon, any representations regarding the tax treatment of the sums paid pursuant to this Agreement. Moreover, Collins agrees to indemnify and hold Chalak harmless in the event that any governmental taxing authority asserts against Chalak any claim for unpaid taxes, failure to withhold taxes, penalties, or interest based upon the payment of the Settlement Payment.

3. Mutual Release. The Parties, on behalf of themselves, their predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates and assigns, and its and their past, present, and future officers, directors, equityholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns, and successors in interest, and all persons acting by, through, under, or in concert with them, and each of them, hereby release and discharge the other Party, together with their predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates and assigns and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns and successors in interest, and all persons acting by, through, under or in concert with them, and each of them, from all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, costs, pain and suffering, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually

incurred), and punitive damages, of any nature whatsoever, known or unknown, which either Party has, or may have had, against the other Party, whether or not apparent or yet to be discovered, or which may hereafter develop, in any way relating to the Lawsuit or Collins' employment with Chalak.

This Agreement resolves any claim for relief that could have been alleged, no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, damages for humiliation and embarrassment, punitive damages, costs and attorneys' fees related.

4. <u>Withdrawal of Lawsuit</u>. Collins and his counsel shall take whatever actions are necessary to ensure that the Lawsuit and any claims relating thereto are withdrawn in their entirety as soon as possible following the Effective Date.

5. <u>Remedies upon Default</u>. Should Chalak fail to make said payment by any due date as set forth herein, Collins shall provide written notice by sending written notice of default to Chalak, 18900 Dallas Parkway, Suite 125, Dallas, Texas, 75287, Attn: General Counsel, with copies to Christina.Marshall@chalakmitragroup.com and al@chalakmitragroup.com. If the default is not cured within five (5) business days of such written notice, the entire amount due and owing, less any payments made to date, shall become immediately due, and Collins shall immediately be permitted to file for a confession of judgment in the amount of the Settlement Payment less any amounts already paid pursuant to this Agreement. In addition, Collins shall be entitled to and shall be paid by Chalak all attorney's fees and costs that arise out of any and all of Collins' efforts to provide notice of default under this Agreement and any collection efforts thereafter.

6. <u>Confidentiality of Agreement</u>. Collins agrees that, during the Settlement Payment Period, he will not divulge, communicate, or otherwise disclose, directly or indirectly, to any person or entity, either: (a) the existence or terms of this Agreement; or (b) the Agreement's negotiation, execution, or implementation. The Parties agree that nothing in this paragraph prohibits Collins from disclosing the terms of this Agreement to Collins' attorneys, accountants, spouse, or any government entity or agency as may be required by law.

7. <u>Entire Agreement; Amendment</u>. The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

8. <u>Counterparts</u>. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

******

**IN WITNESS WHEREOF**, and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the Effective Date.


**CHALAK-MMT PV, LLC**

By: _____

Name: Akash Bhakta

Title: Manager


By: _____

Name:   **TROY HORNING**


By: _____

Name:   **CHRISTIAN COLLINS**

**ADDENDUM TO SETTLEMENT AGREEMENT AND RELEASE**

This Addendum to Settlement Agreement and Release ("**Addendum**") is entered into as of June 10 , 2016 (the "**Effective Addendum Date**"), by and between Chalak-MMT PV, LLC ("**MMT PV**") and Troy Horning ("**Horning**" and together with MMT PV, "**Chalak**"), and Christian Collins ("**Collins**"). Together, Chalak and Collins shall be referred to as the "**Parties**." In executing this Addendum, the Parties desire not to change or modify any material terms to the original Settlement Agreement and Release ("**Agreement**") of April 13, 2016 but rather to Clarify portions of the Agreement in order for the Federal District Court for the District of Arizona to approve of the Agreement and Addendum and dismiss Case No. 2:15-cv-2158-SMM with prejudice.

**WHEREAS**, in May 2015, Collins initiated a demand against Chalak for unpaid wages under the Federal Fair Labor Standards Act ("FLSA"), the Parties had discussions, and were unable to resolve the dispute without litigation;

**WHEREAS**, in October 2015, Collins filed the Complaint against Chalak in the United Stated District Court of the District of Arizona (the "**Lawsuit**"); and

**WHEREAS**, Collins and Chalak desire to finally and fully settle all disputes between the Parties relating to the Lawsuit.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending legally to be bound and to have the terms of this Addendum incorporated into the original Agreement, agree as follows:

1. <u>Payment by Chalak</u>. Chalak will pay Collins the total sum of sixteen thousand nine hundred six dollars and seventy four cents (US $16,906.74) (the "**Settlement Payment**") as provided herein. The Settlement Payment shall be paid in six separate payments, as follows:

    (a)    $6,906.74 of the Settlement Payment shall be paid by check or wire transfer within ten (10) business days of the Effective Date. $4,000.00 of this amount shall be allocated to Collins and represent all allegedly owed to Collins as unpaid wages and liquidated damages. The remaining $2,906.74 shall be allocated to The Bendau Law Firm PLLC and represent the first payment of attorney fees ($2,000) and costs ($906.74) owed to Counsel for Collins; and

    (b)    the remaining $10,000 of the Settlement Payment shall be allocated to The Bendau Law Firm PLLC entirely as attorney fees owed to Counsel for Collins and shall be paid in five equal monthly installments beginning on June 1, 2016 (such period of time is referred to herein as the "**Settlement Payment Period**"). MMT PV and Horning are jointly and severally liable to pay the Settlement Payment as set forth herein.

The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred and that neither Party nor its attorney(s) will seek any award of attorneys' fees or costs from the other Party, except as provided herein.

**IN WITNESS WHEREOF**, and intending to be legally bound, each of the Parties hereto has caused this Addendum to be executed as of the Effective Date.


**CHALAK-MMT PV, LLC**


By: _____
Name:
Title:


By: _____
Name:   **TROY HORNING**


By: _____
Name:   **CHRISTIAN COLLINS**

# Signature Certificate

 Document Reference:   57BH6KJS3J4GXJWNZRWXGU


**RightSignature**
Easy Online Document Signing



**Chris collins**
Party ID: CPCCERJZFJJ6AN6UXK7M68
IP Address: 172.56.16.156

| VERIFIED EMAIL: | christian88collins@gmail.com |


Electronic Signature:

| Multi-Factor **Digital Fingerprint Checksum** | **253915a6c1cdc319d6b746b1252d9f1c6870e462** |  |

| Timestamp | Audit |
|---|---|
| 2016-06-10 13:02:26 -0700 | All parties have signed document. Signed copies sent to: Cliff Bendau and Chris collins. |
| 2016-06-10 13:02:25 -0700 | Document signed by Chris collins (christian88collins@gmail.com) with drawn signature. - 172.56.16.156 |
| 2016-06-10 13:02:24 -0700 | Chris collins verified email address 'christian88collins@gmail.com'. - 172.56.16.156 |
| 2016-06-10 13:00:45 -0700 | Generated Document from Online Form 060116AddendumSettlementAgreementCollins (060116AddendumSet-a22cab). - 172.56.16.156 |
| 2016-06-10 12:56:34 -0700 | Online Form viewed by Chris collins (christian88collins@gmail.com). - 172.56.16.156 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

## ADDENDUM TO SETTLEMENT AGREEMENT AND RELEASE

This Addendum to Settlement Agreement and Release ("**Addendum**") is entered into as of June ___, 2016 (the "**Effective Addendum Date**"), by and between Chalak-MMT PV, LLC ("**MMT PV**") and Troy Horning ("**Horning**" and together with MMT PV, "**Chalak**"), and Christian Collins ("**Collins**"). Together, Chalak and Collins shall be referred to as the "**Parties**." In executing this Addendum, the Parties desire not to change or modify any material terms to the original Settlement Agreement and Release ("**Agreement**") of April 13, 2016 but rather to Clarify portions of the Agreement in order for the Federal District Court for the District of Arizona to approve of the Agreement and Addendum and dismiss Case No. 2:15-cv-2158-SMM with prejudice.

**WHEREAS**, in May 2015, Collins initiated a demand against Chalak for unpaid wages under the Federal Fair Labor Standards Act ("FLSA"), the Parties had discussions, and were unable to resolve the dispute without litigation;

**WHEREAS**, in October 2015, Collins filed the Complaint against Chalak in the United Stated District Court of the District of Arizona (the "**Lawsuit**"); and

**WHEREAS**, Collins and Chalak desire to finally and fully settle all disputes between the Parties relating to the Lawsuit.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending legally to be bound and to have the terms of this Addendum incorporated into the original Agreement, agree as follows:

1. <u>Payment by Chalak</u>. Chalak will pay Collins the total sum of sixteen thousand nine hundred six dollars and seventy four cents (US $16,906.74) (the "**Settlement Payment**") as provided herein. The Settlement Payment shall be paid in six separate payments, as follows:

    (a)    $6,906.74 of the Settlement Payment shall be paid by check or wire transfer within ten (10) business days of the Effective Date. $4,000.00 of this amount shall be allocated to Collins and represent all allegedly owed to Collins as unpaid wages and liquidated damages. The remaining $2,906.74 shall be allocated to The Bendau Law Firm PLLC and represent the first payment of attorney fees ($2,000) and costs ($906.74) owed to Counsel for Collins; and

    (b)    the remaining $10,000 of the Settlement Payment shall be allocated to The Bendau Law Firm PLLC entirely as attorney fees owed to Counsel for Collins and shall be paid in five equal monthly installments beginning on June 1, 2016 (such period of time is referred to herein as the "**Settlement Payment Period**"). MMT PV and Horning are jointly and severally liable to pay the Settlement Payment as set forth herein.

The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred and that neither Party nor its attorney(s) will seek any award of attorneys' fees or costs from the other Party, except as provided herein.

**IN WITNESS WHEREOF**, and intending to be legally bound, each of the Parties hereto has caused this Addendum to be executed as of the Effective Date.


CHALAK-MMT PV, LLC

By: _____

Name: Akash Bhakta

Title: Manager


By: _____

Name:   TROY HORNING


By: _____

Name:   CHRISTIAN COLLINS

IN WITNESS WHEREOF, and intending to be legally bound, each of the Parties hereto has caused this Addendum to be executed as of the Effective Date.


CHALAK-MMT PV, LLC


By: _____
Name:
Title:

By: _____
Name: TROY HORNING


By: _____
Name: CHRISTIAN COLLINS