**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Christian Collins, | No. CV-15-2158-PHX-SMM |
| Plaintiff, | |
| v. | **ORDER** |
| Chalak-MMT PV LLC, d/b/a Genghis Grill, and Troy Horning, | |
| Defendants. | |

Pending before the Court is the parties' joint motion and renewed joint motion for approval of settlement agreement and dismissal with prejudice of claims by Plaintiff. (Docs. 27 and 30.) Under the reasoning set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982), there are only two ways in which back wage claims under the Fair Labor Standards Act ("FLSA") can be settled or compromised by employees.[1] One, pursuant to 29 U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owing to them. Id. at 1353. The second way is provided in the context of litigation brought directly by employees against their employer pursuant to § 216(b) to recover back wages. Id. When an employee brings a private action for back wages and presents to the district court a proposed settlement, the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." Id.

---

[1] While the Ninth Circuit has not specifically addressed this issue, district courts in the Ninth Circuit have followed the reasoning set forth in Lynn's Food Stores. See, e.g., Ambrosino v. Home Depot U.S.A., Inc., No. CV 11-1319, 2014 WL 3924609 (S.D. Cal. Aug. 11, 2014); Hand v. Dionex Corp., No CV 06-1318, 2007 WL 3383601 (D. Ariz. Nov. 13, 2007).

1  In this matter, the parties notified the Court that they had reached a settlement. In compliance with the FLSA, the Court ordered the parties to submit their settlement agreement for review. (Doc. 23.) Following review, the Court denied approval without prejudice, based on the following: "Based on the Court's review, the Court finds that the settlement is unclear. The settlement agreement provides that the parties are each responsible for their attorney's fees, but does not provide the amount of fees that Plaintiff must pay to his counsel. The amount of Plaintiff's attorney's fees is necessary for the Court to scrutinize the settlement for fairness. Therefore, the Court will deny the joint motion without prejudice." (Doc. 26.)

The parties then submitted additional detail on the amount of Plaintiff's attorney's fees and renewed their motion for approval of the settlement agreement. (Doc. 27.) After review, the Court scheduled a hearing to ensure that the settlement of $16,906.74 was a fair and reasonable compromise of the issues and to further inquire on the issue of attorney's fees, specifically stating that "counsel for Plaintiff will need to explain the amount of attorney's fees authorized under the settlement agreement." (Doc. 28.)

At the hearing, after listening to Plaintiff's counsel's explanation for the amount of requested attorney's fees, the Court allowed counsel to supplement his motion with additional detail in support. (Doc. 29.)

Subsequently, the parties filed their renewed motion to approve settlement and dismiss suit. (Doc. 30.) Counsel submitted his memorandum in support which included his detailed time entries which supported his attorney's fee request. (Doc. 30 and 30-2.) In support of the number of hours of attorney's fees, Plaintiff's counsel explained that a longer than usual litigation history accompanied his larger than normal attorney's fee request. (Id.) According to Plaintiff's counsel, this litigation began long before the Complaint was filed as the parties engaged in a lengthy attempt to resolve this matter short of litigation. (Id.) This included a demand letter to Defendants and a number of settlement-based exchanges for approximately six months. (Id.)

Plaintiff's counsel provided the detailed amount of attorney's fees expended on this

1 matter. (Doc. 30-2.) In total, he spent 51.4 hours, at a rate of $300 per hour, in prosecuting this litigation. Plaintiff's counsel further states that his law clerk, Christopher Bendau ("Clerk Bendau") expended 1.2 hours at an hourly rate of $100. Based on these hourly totals, his fee then totals $15,540. In order to resolve the matter, Plaintiff's counsel agreed to a discount of $3,040, reducing his total fee to $12,500, which was the attorney fee amount settled upon by the parties.

The Court is quite familiar with Plaintiff's counsel, Clifford Bendau, in his prosecution of FLSA cases. For counsel with only three (3) years of experience, the Court notes that Mr. Bendau has performed competently litigating FLSA complaints in federal court. However, in this matter, as in other matters (see, e.g., Apolinar v. Abuelo's, No. CV 14-351, Doc. 52), the Court will reduce Mr. Bendau's attorney fee rate from $300 an hour and set it at $200 per hour to better reflect rates charged by similarly situated attorneys in the Phoenix market. The Court will further reduce Clerk Bendau's rate from $100 an hour to $45 an hour, for a total settlement amount of $14,740.74 ($4,000 to Plaintiff; $10,334 to Plaintiff's counsel Bendau, and costs of $406.74 to Plaintiff's counsel Bendau).

Accordingly,

**IT IS HEREBY ORDERED** granting in part the parties' joint motion for approval of the settlement agreement between Defendants and Plaintiff Christian Collins (Doc. 27), and granting in part the parties' renewed joint motion for approval of the settlement agreement between Defendants and Plaintiff Christian Collins (Doc. 30). The Clerk of Court shall dismiss all claims of Plaintiff Collins with prejudice, the settlement agreement, as limited by this Court's Order, resolves all associated attorney's fees, costs, interest, or other penalties. (Docs. 27 and 30.)

**IT IS FURTHER ORDERED** approving the settlement agreement reached between Defendants and Plaintiff Christian Collins but limiting the total settlement amount award to $14,740.74 ($4,000 to Plaintiff; $10,334 to Plaintiff's counsel Bendau; and costs of $406.74

///

///

- 3 -

1 to Plaintiff's counsel Bendau).

2     DATED this 1st day of February, 2017.

_____
Stephen M. McNamee
Senior United States District Judge

- 4 -